IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL M. REVELES,

OPINION AND ORDER

Petitioner,

21-cv-459-bbc

v.

LIZZY TEGELS,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Michael M. Reveles has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his confinement stemming from December 2005 convictions in the Circuit Court for Dane County on six counts of second-degree sexual assault. He contends that in 2018, a state court judge erred by construing, and denying, a letter petitioner addressed to the "Veterans Treatment Court" as a motion for sentence modification. He asks this court to vacate the state court's order denying sentence modification, and he also argues that his conviction and sentence are unconstitutional.

I will dismiss the petition because petitioner has already brought a habeas petition challenging his 2005 convictions. Reveles v. Tegels, No. 11-cv-378-bbc (denied on Mar. 20, 2012). Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and

obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. <u>Magwood v. Patterson</u>, 561 U.S. 320, 331 (2010) (petition is successive if it challenges state-court judgment that was challenged previously, but it is not successive if it challenges a new judgment entered after resentencing); <u>In re Page</u>, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met here. Petitioner is still confined pursuant to his original judgment of conviction, and not a new or amended judgment.

If petitioner believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the court of appeals. I have no authority to consider a successive petition challenging petitioner's convictions or confinement unless the court of appeals gives its approval. <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."). Finally, because petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that

1.   The petition for a writ of habeas corpus filed by Michael M. Reveles is DISMISSED for lack of authorization as a second or successive petition.

2.   A certificate of appealability is DENIED.  If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.


Entered this 6th day of October, 2021.


BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge

3